SUMMARY ORDER

Petitioners Chao Fang Zhang and Xiang Qing Zhang, both natives and citizens of the People’s Republic of China, seek review of a February 5, 2004 order of the BIA denying their motion to reconsider and reopen. In re Xiang Qing Zhang, Chao Fang Zhang, Nos. A70 906 173, A76 090 778 (B.I.A. Feb. 5, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
A motion to reconsider “is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.” In re Cema, 20 I. & N. Dec. 399, 402 n. 2 (B.I.A.1991) (internal quotation marks omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA’s decision and be supported with pertinent authority. See 8 C.F.R. § 1003.2(b)(1). A motion to reopen, on the other hand, “asks that the proceedings be reopened for new evidence and a new decision, usually after an evi-dentiary hearing.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir. 2001). We review the denial of a motion to reopen or to reconsider for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
To the extent that Petitioners’ motion argued that the BIA erred in affirming the IJ’s adverse credibility determination, it was a request that the BIA reexamine its decision and was thus properly construed as a motion to reconsider. See 8 C.F.R. § 1003.2(b)(1). However, most of the arguments that Petitioners advanced in their motion to reconsider merely repeated or elaborated on points that they had previously raised on direct appeal to the BIA. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). While the motion did include some new arguments, Petitioners could have raised these arguments on appeal but neglected to do so, and a “motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.” Matter of O-S-G-24 I. & N. Dec. 56, 58 (B.I.A 2006). Accordingly, the BIA did not abuse its dis *700 cretion in denying the motion to reconsider. See Jin Ming Liu, 439 F.3d at 111.
To the extent that the BIA construed the motion as a motion to reopen, we also find no error in its decision to deny the motion. We note that the BIA erred when it based its denial of the motion on Petitioners’ failure to meaningfully challenge the adverse credibility determination made by the IJ in the underlying proceedings. A prior adverse credibility finding can undermine a motion to reopen, particularly when a petitioner fails to challenge the finding on appeal or in a petition for review. See Kaur, 413 F.3d at 234; Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147-48 (2d Cir.2007). However, “an inviolate adverse credibility determination with respect to some of an alien’s claims” does not necessarily “infect related but essentially freestanding claims made by the same applicant in the course of the same petition.” See Paul v. Gonzales, 444 F.3d 148, 154 (2d Cir.2006). Thus, “an applicant may prevail on a theory of future persecution despite an IJ’s adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant’s claim of future persecution is independent of the testimony that the IJ found not to be credible.” See id.
In this case, the IJ made an adverse credibility determination with respect to Petitioners’ claim of past persecution, which was based primarily on the allegation that Chao Fang Zhang had been subjected to a forced abortion. The motion to reopen, on the other hand, was based on the birth of Petitioners’ second child, which gave rise to a new and independent claim of future persecution.[2] See id. The BIA erred in concluding that the IJ’s adverse credibility determination pre-eluded it from considering the merits of this claim.
Nonetheless, we find that remand would be futile in this case. Although Petitioners alleged that because they now have two children and they “have an even greater fear of future persecution” in China, they failed to specify what they believe to be the likely consequences of their return to China. Moreover, while they submitted their children’s birth certificates, the Zhangs submitted no background materials or other documentary evidence to support their claim that they would be persecuted on account of having violated China’s family-planning policy. Because Petitioners’ motion was timely, they were not required to submit evidence establishing changed country conditions in China. However, under agency regulations, an applicant filing a motion to reopen must submit material evidence supporting the allegations to be presented at a new hearing in the event the motion is granted. See 8 C.F.R. § 1003.2(c)(1). The failure to establish a prima fade case for relief as a result of omitting such evidence is a valid basis for denying a motion to reopen. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). It was Petitioners’ burden to adduce at least “some evidence” to support their claim that they have a well-founded fear of future persecution under China’s family-planning policy. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 149 (2d Cir.2008). Because they did not do so, we can confidently predict that the BIA, following an error-free review, would again deny the motion. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have com *701 pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. In adjudicating the motion, the BIA assumed the truth of Petitioners' assertion that they had two children.